UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                      **MEMORANDUM & ORDER**
                                      21-cr-590 (JMA) (AYS)

      -against-

LOVELL BLACK,

                                Defendant.
----------------------------------------------------------------------X

FILED
CLERK
3:47 pm, May 13, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Defendant Lovell Black moves, <u>pro se</u> under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a reduction in his sentence. (ECF No. 34.) The Government opposes the motion. (ECF No. 35.) Mr. Black timely replied. (ECF No. 38.) For the below reasons, the motion is denied.

## I.    DISCUSSION

      Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." <u>United States v. Torres</u>, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.) (citing <u>United States v. Martin</u>, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." <u>United States v. Zapatero</u>, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Torres, 2024 WL 621554, at *1 (quoting Martin, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment.... is not authorized under 18 U.S.C. § 3582(c)(2) if .... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2).... to a term that is less than the minimum of the amended guideline range." Id. § 1B1.10(b)(2)(A). "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." United States v. Ross, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Tejeda, 2024 WL 1676329, at *2 n.1 (S.D.N.Y. Apr. 18, 2024). The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points. See U.S.S.G. § 4A1.1(e). Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors. Id. § 4C1.1.

At sentencing in this case, I accepted the Probation Department's determination that Mr. Black had a total number of six criminal history points—a base level of four criminal history points, plus two status points added for committing the offense while on probation for a DWI

conviction. (See ECF No. 25, at ¶¶ 39–42 ("PSR")). This established a Criminal History Category of III and a Guidelines range of 168–210 months' imprisonment. (See id. at ¶ 77.) After hearing arguments from both sides, I sentenced Mr. Black to a below-Guidelines sentence of 140 months' imprisonment. (See ECF No. 32.)

Turning to the instant motion, because Mr. Black had more than zero criminal history points, Part B of the Amendment does not apply. Under Part A of the Amendment, however, Mr. Black is entitled to an elimination of his status points because he has six or less criminal history points. Mr. Black's total number of criminal history points thus becomes four. But according to the sentencing table at Chapter 5, Part A, four criminal history points still yields a Criminal History Category of III.

Accordingly, the Guidelines range that was applicable to Mr. Black at the time of sentencing is the same Guidelines range that is in effect now. Mr. Black is therefore ineligible for a sentence reduction. See U.S.S.G. § 1B1.10(a)(2)(B); United States v. Garcia, 2024 WL 532447, at *2 (S.D.N.Y. Feb. 9, 2024) (finding that "[d]efendant [ ] is not eligible for a sentence reduction" where "ten criminal history points still would have placed [d]efendant in Criminal History Category V [and] [t]herefore, [defendant's] Guidelines range would have remained [the same]"); see also id. ("Defendant's sentence.... fell below the low end of this range. Defendant therefore is not eligible for a sentence reduction."). Moreover, because Mr. Black is ineligible for a sentence reduction, this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a).[1] See id. at *2; see also Ross, 2024 WL 149130, at *2 (declining to analyze Section 3353(a) factors where criminal history calculation alone established that defendant was ineligible for a sentence reduction).

---

[1] But even if the Court re-reviewed the record of this case and carefully "considered anew all of the § 3553(a) factors that it originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), the 140-month sentence that the Court imposed on Mr. Black would "continue[] to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing." Id.; see also 18 U.S.C. § 3553(a).

3

## II.     CONCLUSION

For the above reasons, Mr. Black's motion is DENIED. The Clerk of Court is respectfully directed to close ECF No. 34. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962). The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Black at his address of record.

**SO ORDERED.**

Dated:   May 13, 2024
         Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE